**J. Allen TYLER, Plaintiff,**

v.

**The COLLEGE OF WILLIAM AND MARY in Virginia, a corporation pursuant to Va.Code Ann. § 23–39 (1973), and Joseph E. Baker et al., Defendants.**

Civ. A. No. 76–423–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

March 31, 1977.

Matthew N. Ott, Jr., Richmond, Va., for plaintiff.

Robert P. Kyle, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM OPINION AND JUDGMENT ORDER

CLARKE, District Judge.

### I.

J. Allen Tyler, a former Assistant Professor of Modern Languages and Literature at The College of William and Mary in Virginia, brings this action against The College of William and Mary and the members of the Board of Visitors charging that the decision made by the College to refuse plaintiff tenure deprived him of property without due process of law. Plaintiff demands that the Court order the defendants to give him a due process hearing on the issue of tenure and require the defendants to pay plaintiff back pay from the date of his termination of employment to the time of the ordered hearing.

Jurisdiction of this Court is conferred by 28 U.S.C. § 1343; 42 U.S.C. § 1983; 28 U.S.C. § 2201. Evidence in the form of oral testimony, depositions and exhibits were presented at trial and the parties have submitted briefs to the Court for its final decision.

## II.

Plaintiff was hired by the College of William and Mary as Assistant Professor of Modern Languages and Literature for the academic year 1969–70. That contract was renewed each year for six years and the final contract signed for plaintiff's seventh year of teaching was designated as a termination contract after which plaintiff would not be rehired. The Court finds as a fact that this procedure was followed in accordance with the well-established general college policy of employing a teacher for six years to determine his or her qualifications for tenure and then, if tenure was not granted, terminating employment at the end of the seventh year. The question this Court must answer, therefore, is whether this plaintiff developed some property interest in his job such as would entitle him special consideration outside of the well established college policy on tenure.

The four criteria set out in the Faculty Handbook and generally recognized by the College as requisites to tenure include:

(1) Possession of education, experience and degrees necessary to perform the individual's duties;

(2) Ability to effectively teach, based on command of material and good student rapport;

(3) Evidence of research, publications and other contributions to his field of study; and

(4) Participation in department, faculty and college governance.

Additional requisites which appeared in the testimony of Dr. George R. Healy, Vice President for Academic Affairs, include:

(1) Tenure requirements set up by the individual departments;

(2) Needs of the College as a whole, i. e., available funds; and

(3) Needs of the department, i. e., future direction and goals, over-tenured faculty.

The Department of Modern Languages, the department in which plaintiff was employed, incorporated the four criteria set out in the Faculty Handbook in its requisites for tenure and included an additional emphasis on teaching effectiveness, scholarly activity not limited to publications, and participation in special services to students.

During his seven years within the Department of Modern Languages, plaintiff was appointed to the Board of Student Affairs, the Computer Center, and as coordinator of the French and Italian section for three years. He was awarded his Ph.D. in French literature from the University of Virginia in 1971 and in 1974 published *A Concordance to the Fables and Tales of Jean de La Fontaine,* a work running over a thousand pages and reviewed as one of the three most important basic reference works to appear on that author. Plaintiff generally served as French instructor for the lower level classes (defined as freshman and sophomore classes) and contributed to the language laboratory by utilizing his electronic skills to install new equipment and to modify existing facilities. For these contributions, plaintiff was highly praised by the former head of the department, Mr. J. Worth Banner, and the current department head, Ms. Elsa S. Diduk. He was also recommended by these department heads and his department for promotion to Associate Professor on three occasions and for tenure twice. He was denied the promotions and tenure on all occasions for the stated reasons that plaintiff is an average but not excellent academician and that his inclusion within the Department of Modern Languages would not greatly strengthen it.

## III.

Plaintiff claims on the basis of the foregoing that he satisfactorily achieved the criteria for tenure and received only favorable feedback from the College thereby allowing him to maintain a reasonable expectation of continued and future employment. Plaintiff further claims that such reasonable expectation constitutes a property interest protected by the equal protection and due process clauses of the Constitution thereby entitling him to notice and hearing prior to denial of tenure and termination of employment. Finally, plaintiff claims that

proper remedy for violation of these Constitutional protections includes a due process hearing on tenure and back pay.

The Court first notes that the equal protection claim set forth in plaintiff's complaint was not pursued by plaintiff in his final brief submitted to the Court nor substantiated by evidence at trial. Therefore, this Court will not consider it further.

With regard to plaintiff's due process claim, plaintiff cites *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2513, 33 L.Ed.2d 570 (1972); and *Soni v. Board of Trustees of the University of Tennessee,* 513 F.2d 347 (6th Cir. 1975) as authority supporting his contention that a reasonable expectation of continued and future employment constitutes a property interest protected by the right to notice and hearing prior to termination of employment.

█ The Court disagrees with plaintiff's conclusion. *Bishop v. Wood,* 426 U.S. 341, 344–345, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) concisely stated the principle that one has a right to due process for loss of employment if he can prove he has a property interest in the job, and that a property interest is indicated by actual or implied guarantees of continued employment.

█ *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) stated that a property interest in employment is indicated by a *legitimate claim of entitlement* to continued employment, and held that where a teacher was hired for the term of one contract, in a system providing for formal tenure (similar to the case at bar), and where there was nothing else to suggest a legitimate claim of entitlement, the teacher had no property interest in re-employment entitling him to a due process hearing prior to termination. *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2513, 33 L.Ed.2d 570 (1972) stated that a property interest in employment is indicated by *rules or mutually explicit understandings that support a claim of entitlement* to continued employment, and held

that a teacher, employed for a number of years within a system which had no formal tenure system, but which system maintained a *de facto* tenure program evidenced by understandings that supported a claim of entitlement, had a property interest in his job entitling him to a due process hearing prior to termination.

*Soni v. Board of Trustees of University of Tennessee,* 513 F.2d 347, 351 (6th Cir. 1975) held that a property interest in employment was indicated by a *reasonable expectation* of continued employment in the case where an alien was statutorily denied tenure in a system providing for formal tenure, but was given oral assurances of permanency and accorded privileges of tenured faculty members. The Court ordered a due process hearing on the issue of the alien's employment termination and back pay.

Plaintiff asks the Court to find on the basis of these cases that a property interest in employment is indicated by his reasonable expectation of continued and future employment. The Court is unable to interpret the cited case law as applied to the evidence presented, to hold that his expectation constituted a property interest protected by due process.

It is clear that the College of William and Mary had a formal tenure system. Further, the system operated on a clearly enunciated policy that a teacher could remain within the system beyond a probationary period of seven years only if granted tenure which required the approval of his department and department head, the Advisory Committee on Retention, Promotion and Tenure, the Dean of Arts and Sciences, the Vice President for Academic Affairs, the President of the College, and the Board of Visitors. Plaintiff did not receive the required approval and therefore, did not receive tenure.

█ It is not the responsibility of the Court to determine from the basis of plaintiff's achievements that plaintiff should have been approved and granted tenure. Rather, the Court must determine from the evidence presented whether plaintiff had

such a claim to his job as to constitute a property interest protected by due process. The Court fails to find from the evidence that plaintiff enjoyed *actual* or *implied* guarantees of continued employment as required by *Bishop, supra,* or a *legitimate claim of entitlement* to continued employment in a formal tenure system as required by *Roth, supra,* or a claim of entitlement supported by *rules* or *mutually explicit understandings* in a *de facto* tenure system as required by *Perry, supra,* so as to give rise to a property interest protected by due process.

It is true that *Soni v. Board of Trustees of University of Tennessee,* 513 F.2d 347 (6th Cir. 1975) recognized a "reasonable expectation of continued employment" as a property interest in a formal tenure system. However, it is the opinion of this Court that the "reasonable expectation" of *Soni* was based on facts that amounted to a legitimate claim of entitlement as set out by *Roth.* Plaintiff has failed to produce evidence of facts and circumstances that could amount to the "reasonable expectation" found in *Soni.*

Applying the cited case law to the evidence presented, the Court finds that plaintiff has failed to prove he had a property interest in his employment with the College of William and Mary, that plaintiff's Constitutional right to due process prior to deprivation of property has not been violated, and that, therefore, he is not entitled to a judgment for back pay.

For the reasons stated, judgment is entered for the defendants.